## NICHOLAS AUSTIN *against* PETER DILLS.

COVENANT broken.

Declaration for that the said *Dills*, at *Burlington*, by a certain obligation or covenant under his hand and seal, dated 12th *November*, 1794, said covenant reciting, that the plaintiff had at great expense pro-

*Where the deed is not merely the inducement but the foundation of the action, or where the right of action is not created by operation of law, but by the act of the party, the plaintiff must make profert in his declaration of the obligation or other instrument embracing a contract.*

cured a warrant of survey of a township of land in the Province of *Lower Canada*, called *Bolton*, for himself and associates, and that he had advanced large sums of money in locat ng said township. That the Governor of *Lower Canada* had determined to grant said land to the plaintiff and his associates, to be holden in common, making 1,200 acres to each associate. That the plaintiff had a right to appoint his associates, and did name said *Dills* to be one of them, for the express purpose of reconveying part of the same to the plaintiff for his trouble and expense in the business: and he the said *Dills*, in consideration thereof, did by said covenant bind and oblige himself, that on having his name inserted in the patent that he would immediately make and execute, agreeably to the laws of the Province of *Lower Canada*, a deed conveying in fee all his right to the lands in said *Bolton*, which he had acquired by having his name inserted in the patent or charter; excepting to two hundred acres, which said *Dills*, in consideration of the premises, was to reside upon, or procure some person with a family to reside upon seven years; and that he or such person and family should enter upon said two hundred acres, so to reside, in one year from said 12th day of *November*, and should clear and cultivate twenty acres of the same within two years from the date of said charter or patent, or that the said *Dills* would convey the said two hundred acres to the plaintiff, or to some person who should effectually cultivate the same. And the plaintiff avers, that in pursuance of the covenant he procured the said charter or patent, by virtue of which said *Dills* was entitled to 1,200 acres of land

in said *Bolton;* but though often requested he refuses to convey to the plaintiff the said one thousand acres, nor within one year from the said 12th day of *November*, did he reside on the same 200 acres, or procure any person with a family so to do ; nor within two years from the date of said patent or charter, did he cultivate said twenty acres, nor reconvey the same to the plaintiff, or to any other person who would effectually cultivate the same ; *ad damnum*, 2,000 dollars.

To this declaration defendant demurred, and for *special* cause of demurrer set forth,

That the plaintiff hath not in his declaration made profert of the obligation or covenant counted upon.

Joinder in demurrer.

Counsel for the defendant. The plaintiff has declared upon a covenant entered into by the defendant, and assigned particular breaches. The law requires that he should have the deed or obligation in Court, *and offer to shew it*, that the defendant may demand it in *oyer*, and avail himself of it in his defence.

Counsel for plaintiff. We have recited the whole obligation substantially in the declaration, and the defendant can have every advantage from the declaration itself that he could have derived from an inspection of the deed. The reason of the *monstrans de fait* is done away.

*Sed per Curiam.* The principle of law is, that where the deed is not merely the inducement but

the foundation of the action, or where the right of action is not created by operation of law, but by the act of the party, the obligation or any other instrument embracing a contract, must be proferted in the declaration.    It is not sufficient for the plaintiff to say, I have set it forth substantially, or even *verbatim et literatim* in the declaration, but he must give notice that he has it ready to be shewn,

First, for the inspection of the Court, that they may see whether it is duly executed, and without rasure or interlineation.

Secondly, for the benefit of the adverse party, that he may know whether it be his seal and signature; whether there be any indorsements or addenda, or references to other instruments, which may vary the covenants, or shew that they have been in part or wholly fulfilled; and particularly that he may compare it with the declaration, and incorporate a correct transcript of it with the record, that the judgment rendered upon it may be pleaded in bar to any future action.

Declaration insufficient.

And now the plaintiff moved for a rule upon defendant to shew cause why he should not have leave of Court to amend his declaration.

Rule granted.

Counsel for defendant.    The statute of jeofails expressly excepts those defects in the declaration which the party demurring shall especially set down in demurrer.    We conceive it is beyond the power of the Court to order amendments in such case.

*Margin notes:*

Austin
v.
Dills.

After judgment on special demurrer, the Court will on motion order a declaration amended on payment of costs.

*Sed per Curiam.* The Court will never turn a party over to a new action while the present suit can be sustained without injury to the adverse party.

The Court consider the powers given to them by the 51st section of the act defining their powers, and regulating judicial proceedings, to be very clearly expressed.

Vermont Stat. vol. 1. p. 74.

The act declares,

First. That no summons, writ, declaration, return, process, judgment, or other proceeding in civil causes, in any of the Courts in this State, shall be abated, arrested, quashed, or reversed, for any defect or want of form: *but the said Courts respectively shall proceed and give judgment according to the right of the case and matters in law, as shall appear unto them, without regarding any imperfections, defects, or want of form* in such writ, declaration, or other pleading, return, process, judgment, or cause of proceeding whatsoever; except those only in case of demurrer, which the party demurring shall specially set down and express, together with his demurrer as the cause thereof.

Thus far there is no amendment contemplated by the act. But the Court, with a fixed eye to law and justice, are to disregard all technical defects, excepting those to which their attention is particularly drawn by special demurrer. Such they are obliged to notice, and to decide whether they render the declaration, &c. insufficient or not. If the Court decide in favour of the demurrant, the statute, pursuing the liberal intent declared in the outset, that no summons, writ, declaration, &c. shall be abated, arrested, quashed or reversed for want of form, provides,

" that the said Court respectively shall and may, by virtue of this act, from time to time amend all and every such imperfections, defects, and want of form, other than those only which the party demurring shall express as aforesaid."

Here is ample power given to the Court to order amendments from time to time, excepting those set down in demurrer.

But the statute proceeds—And the Court " may *at any time* permit either of the parties to amend any defect in the process or pleadings, upon such conditions as the said Courts respectively shall in their discretion by their rules prescribe."

Amendments may be therefore made in all possible cases, and the only correct distinction which can be taken between amendments before and subsequent to special demurrer, that the former may be made either by the peremptory direction of the Court, or application of the party, *without costs*, and the latter shall be suffered upon such conditions as the Court shall in their discretion by their rules prescribe.

Therefore, in the present case, the plaintiff has leave to amend.

Let the rule be made absolute, with conditions that the plaintiff render to the defendant his costs from the commencement of the suit to this time, and that he tax no costs against the defendant prior to the next term of the Court, to which the cause is by order of Court continued.

Rule made absolute.

*Daniel Chipman* and *Samuel Miller*, for plaintiff.
*W. C. Harrington*, for defendant.